UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

VINCENZO FIORINO,

                                Plaintiff,

   -against-

THE CITY OF NEW YORK, a municipal entity; and New York City Police Officers NICHOLAS BLAKE (Shield #23324), MICHAEL FINAMORE (Shield #11533), and JOHN DOES 1-10,

                                Defendants.

------------------------------------------------------------------ X

**COMPLAINT**

**JURY TRIAL**

Plaintiff VINCENZO FIORINO, by his attorneys, Beldock Levine & Hoffman LLP, as and for his complaint against Defendants THE CITY OF NEW YORK, a municipal entity; and New York City Police Officers NICHOLAS BLAKE (Shield #23324), MICHAEL FINAMORE (Shield #11533), and JOHN DOES 1-10, alleges as follows:

**PRELIMINARY STATEMENT**

1.    This civil rights action seeks redress under 42 U.S.C. § 1983 for violations of rights guaranteed to the Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution, and for violations of the laws of the State of New York by defendants THE CITY OF NEW YORK, New York City Police Officers NICHOLAS BLAKE (Shield #23324), MICHAEL FINAMORE (Shield #11533), and JOHN DOES 1-10.

2.    Plaintiff seeks redress for substantial injuries he suffered when defendant Officers NICHOLAS BLAKE, MICHAEL FINAMORE and JOHN DOES 1-10, unlawfully detained, assaulted, falsely arrested, and maliciously prosecuted him. Plaintiff sustained serious physical injuries, which required treatment in a hospital, and was wrongly incarcerated for several days on

a false charge. The charge was eventually dismissed on the People's motion after Plaintiff's defense counsel obtained video of the incident and provided it to the assistant district attorney.

3. Plaintiff now seeks (i) compensatory damages for, *inter alia*, false arrest and imprisonment, physical injury, psychological and emotional distress, and other injuries, including financial loss, caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorneys fees, as this Court deems equitable and just.

## JURISDICTION

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

5. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state constitutional and common law claims that are so related to the federal claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to Plaintiff's claims took place.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

**THE PARTIES**

8.     Plaintiff VINCENZO FIORINO, a citizen of the United States, is and was at all times relevant to this complaint a resident of the City of Yonkers in Westchester County, New York.

9.     Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10.    Defendants NYPD Officers NICHOLAS BLAKE (Shield #23324) and MICHAEL FINAMORE (Shield #11533) are NYPD Police Officers who unlawfully detained, assaulted, and arrested plaintiff without suspicion of any illegal activity and lodged false criminal charges against him.

11.    Defendants NYPD Officers JOHN DOES 1-10 are NYPD Police Officers who assaulted plaintiff and used excessive force in arresting, or failed to intervene to stop the unconstitutional use of excessive force by their fellow officers.

12.    At all times relevant herein, defendants NYPD Officers NICHOLAS BLAKE, MICHAEL FINAMORE, and JOHN DOES 1-10 have acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

13.     At all times relevant herein, defendants NYPD Officers NICHOLAS BLAKE, MICHAEL FINAMORE, and JOHN DOES 1-10 violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

14.     On October 13, 2014, within ninety days of the events giving rise to his claims, Plaintiff electronically served his Notice of Claim upon the City of New York utilizing the website maintained for such purpose by the New York City Office of the Comptroller.

15.     On April 22, 2015, Plaintiff attended an examination pursuant to New York General Municipal Law § 50-h.

16.     More than thirty days have elapsed since Plaintiff served his Notice of Claim and the City has not offered adjustment or payment of his claim.

17.     This action is filed within one year and ninety days of the events giving rise to Plaintiff's claims.

## STATEMENT OF FACTS

18.     On or about the night of July 12, 2014, Plaintiff Vincenzo Fiorino and a friend drove into Manhattan from Yonkers.

19.     They stopped on their way in the vicinity of 204th Street and Vermilyea Avenue in Manhattan.

20.     Mr. Fiorino's friend waited in the car while Mr. Fiorino walked to the McDonald's on 207th Street between Vermilyea and Broadway.

21. As Mr. Fiorino was walking back to the car with food, two NYPD officers – who, upon information and belief, were Defendants NYPD Officers NICHOLAS BLAKE and MICHAEL FINAMORE – approached him.

22. The officers stopped Mr. Fiorino without any reasonable suspicion that he had committed, was committing, or was about to commit an offense.

23. They ordered him to hand them a pocket knife that was inside of his pocket so that only the clip was visible.

24. Mr. Fiorino was violating no law and committing no offense by possessing the pocket knife.

25. Mr. Fiorino handed one of the officers the knife, and was told by the other officer to put his hands on a nearby wall.

26. Mr. Fiorino turned around and placed his hands on the wall, then asked the officers if he was being arrested.

27. The officers replied, in sum and substance, "yeah" and then slammed Mr. Fiorino into the wall, causing his face to strike the hard surface.

28. Startled by the sudden and unprovoked violence and dazed by the blow to his head, Mr. Fiorino turned back towards the officers.

29. One of the two officers then reached for Mr. Fiorino, who pushed the officer's hand away.

30. One of the officers then made a fist and pulled his arm back preparing apparently to punch Mr. Fiorino.

31. To avoid this unnecessary and excessive force, Fiorino ran before the officer could punch him.

32. As Mr. Fiorino ran down Vermilyea Avenue towards his friend's car, one of the officers tripped him and tackled him to the ground.

33. Both officers jumped on Mr. Fiorino and began to strike him with their fists, knees, and elbows.

34. At one point, one of the officers grabbed Mr. Fiorino around the neck and choked him.

35. Mr Fiorino could not breathe and in desperation, he bit the officer, which caused him to release his chokehold.

36. After some time additional officers responded to the scene. The names of these officers are unknown at this time, and they are identified in this Complaint as the defendants JOHN DOES 1-10.

37. Some of the JOHN DOE officers jumped on Mr. Fiorino, striking him with their fists, knees, and elbows, while other JOHN DOE officers punched, kicked, and stomped Mr. Fiorino's prone body.

38. Still other JOHN DOE officers stood by and failed to intervene to stop their fellow officers from using excessive and unnecessary force to arrest Mr. Fiorino.

39. At some point, Defendants BLAKE and FINAMORE placed Mr. Fiorino in handcuffs, which they secured too-tightly, causing Mr. Fiorino further pain.

40. After securing the handcuffs on Mr. Fiorino, one of the officers pushed Mr. Fiorino's head into the ground and pressed his face along the pavement.

41. Mr. Fiorino tried to turn his head, and was punched in the face by the same officer, which caused the side of his face to slam into the ground.

42. The officers put Mr. Fiorino into a police car and drove him to the 34th Precinct.

43. Although Mr. Fiorino was seriously injured and visibly bleeding, the arresting officers did not ask if he needed medical attention; instead, they put him directly into a cell.

44. Mr. Fiorino repeatedly asked the officers for a glass of water, but they refused his requests.

45. After some time, Mr. Fiorino began vomiting.

46. Some time later, different officers noticed Mr. Fiorino's deteriorating condition and took him in a police van to Harlem Hospital.

47. Mr. Fiorino remained at Harlem Hospital overnight.

48. Mr. Fiorino was processed and fingerprinted while at the hospital.

49. Mr. Fiorino was not offered a phone call at any time while at the Precinct or while at Harlem Hospital.

50. Eventually, Mr. Fiorino's mother, Christine Kalski, and sisters discovered that Mr. Fiorino had been arrested and travelled to Harlem Hospital to visit him.

51. When Ms. Kalski and Mr. Fiorino's sisters arrived at the hospital, they were told by the officers on duty that they could not visit with Mr. Fiorino.

52. The officers also told Ms. Kalski, in sum and substance, that Mr. Fiorino had suffered only a scratch on his arm.

53. Ms. Kalski then spoke to an Emergency Room doctor, who told her that Mr. Fiorino had numerous cuts and bruises, had been vomiting, and was receiving fluids.

54. After she left, Ms. Kalski called the hospital and asked an administrator to take photos of Mr. Fiorino's injuries.  The administrator later informed Ms. Kalski that the supervising officer refused to allow photos to be taken of Mr. Fiorino's injuries.

55. On or about the afternoon of April 14, 2014, Mr. Fiorino was discharged from Harlem Hospital and moved to Central Booking.

56. On or about the evening of July 14, 2014, Mr. Fiorino was brought before a judge and arraigned on one felony charge, assault in the second degree.

57. The criminal complaint filed against Mr. Fiorino was based on false statements made by Defendants BLAKE and FINAMORE.

58. Even though this was the first time Mr. Fiorino had ever been arrested, and the New York City Criminal Justice Agency recommend that he be released on his own recognizance, due to the violent nature of the false allegations, bail was set at $5,000 cash, payable on a $2,500 bond.

59. The bail was posted the following morning, on July 15, 2014; however Mr. Fiorino was not released on bail until July 17, 2014.

60. On July 19, 2014, Mr. Fiorino had to return to court to answer the false charges lodged against him.

61. Mr. Fiorino's defense counsel later recovered video footage of the incident taken from a nearby street camera, which she provided to the District Attorney's Office.

62. After the ADA assigned to the case reviewed the video, the District Attorney's Office moved to dismiss the charges on October 6, 2014.

63. Defendants' actions caused Mr. Fiorino to suffer serious physical injuries, the loss of liberty, emotional and psychological pain, embarrassment, humiliation, and harm to his reputation. Defendants' actions also caused Mr. Fiorino to lose income, miss work opportunities, and incur medical expenses, costs, and attorney's fees.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violations of Fourth and Fourteenth Amendment Rights

64. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

65. In committing the acts and omissions complained of herein, the defendant officers acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

   a. the right to be free from unreasonable search and seizure of his person;

   b. the right to be free from the use of excessive force;

   c. the right to be free from arrest without probable cause;

   d. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent;

   e. the right to be free from the lodging of false criminal charges against him by police officers;

   f. the right to be free from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor;

   g. the right to be free from abuse of process; and

   h. the right to be free from deprivation of liberty without due process of law.

66. In committing the acts and omissions complained of herein, the defendant officers breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

67. As a direct and proximate result of the defendant officers' deprivation of Plaintiff's constitutional rights, Plaintiff suffered the injuries and damages set forth above.

68. The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Violations of the New York State Constitution

69. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

70. Defendants subjected Plaintiff to the foregoing acts and omissions without due process of law, thereby depriving Plaintiff of rights, privileges, and immunities guaranteed by the New York State Constitution, including, without limitation, the following:

   a. Plaintiff was deprived of his rights and privileges guaranteed by Article 1, § 1 of the New York State Constitution;

   b. Plaintiff was deprived of his right to due process guaranteed by Article 1, § 6 of the New York State Constitution; and

   c. Plaintiff was deprived of his right to be free from unreasonable searches and seizures guaranteed by Article 1, § 12 of the New York State Constitution.

71. As a direct and proximate result of Defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered the injuries and damages set forth above.

## THIRD CAUSE OF ACTION
### Assault and Battery

72. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

73. The defendant officers, without just cause, wilfully and maliciously used physical force against Plaintiff causing his injuries.

74. The defendant officers committed the foregoing acts intentionally, wilfully, and with malicious disregard for Plaintiff's rights, and are therefore liable for punitive damages.

## FOURTH CAUSE OF ACTION
## False Arrest and Imprisonment

75. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

76. Defendants NYPD Officers NICHOLAS BLAKE and MICHAEL FINAMORE, through the foregoing acts, caused Plaintiff to be wrongfully detained and falsely arrested without good faith, reasonable suspicion, or legal justification,

77. Plaintiff was aware of the arrest and detention and he did not consent.

78. Defendants NYPD Officers NICHOLAS BLAKE and MICHAEL FINAMORE committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## FIFTH CAUSE OF ACTION
## Malicious Prosecution

79. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

80. Defendants NYPD Officers NICHOLAS BLAKE and MICHAEL FINAMORE, through the foregoing acts, maliciously commenced a criminal proceeding against Plaintiff, which ended in his favor, without probable cause to believe Plaintiff was guilty of the crimes charged.

81. Defendants NYPD Officers NICHOLAS BLAKE and MICHAEL FINAMORE committed the foregoing acts intentionally, willfully, and maliciously, and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

82. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

83. The defendant officers, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused Plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

84. The defendant officers committed the foregoing acts intentionally, willfully, and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION
### *Respondeat Superior*

85. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

86. At all relevant times, the defendant officers were employees of the City and were acting within the scope of their employment.

87. The City is therefore vicariously liable under the doctrine of r*espondeat superior* for the actions of the defendant officers set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages from defendants NYPD Officers NICHOLAS BLAKE, MICHAEL FINAMORE, and JOHN DOES 1-10 to the extent allowable by law;

(c) attorneys fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: New York, NY
July 13, 2015

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400

_____
Joshua S. Moskovitz

*Attorneys for Plaintiff Vincenzo Fiorino**

---

* We acknowledge and appreciate the hard work of Robbie Schwieder, a student at Columbia Law School.